



```
MICHELLE R. BURROWS OSB86160
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955
503/241-3127 (facsimile)
mrburrows@qwest.net

Attorney for Plaintiffs
```

FILED '07 NOV 30 15:17 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHILD/ADULT INTERVENTION SERVICES, a private non-profit Oregon corporation, Dr. GEORGE ROBERT FLEMING, RENE LAUNSTEIN, Dr. RICHARD KING, BRUCE JANES, <br><br> Plaintiffs, <br><br> ALISON KINSEY, PATRICK SCHRIENER, MULTNOMAH COUNTY, a municipal corporation, JOHN WENTWORTH, KATHERINE GOTCH, RANDALL SETTELL, CARL JABBER, <br><br> Defendants. | No. CV '07 - 1778 - MO <br><br> COMPLAINT <br><br> Civil Rights Violations: 42 U.S.C 1983: Due Process/Interference with Contract <br><br> Jury Trial Demanded |

### INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. §1983 and ORS 30.365, alleging

1–COMPLAINT

#18691

1  violations of due process in violation of the Fourth and Fourteenth Amendments to the United
2  States Constitution. Defendants each engaged in conduct over a course of two years using their
3  government positions to interfere with business relations including contracts and treatment
4  programs for clients who retained Plaintiffs. Defendants caused Plaintiffs to lose clients, business
5  contracts all to their extreme financial detriment and all without due process and all based on
6  contrived and pretextual basis. Furthermore defendants engaged in conduct which caused the
7  dissemination of false and defamatory material and information to several third parties which has
8  no basis in fact or truth.

2.

This court has jurisdiction over Plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. §§1331 and 1343.

3.

Venue is proper under 28 U.S.C.§1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

4.

The court has jurisdiction over Plaintiff's supplemental jurisdiction over Plaintiff's pendente state law claims under 28 U.S.C. § 1367.

THE PARTIES

5.

Child/Adult Intervention Services (hereinafter "CAIS") is a private non-profit treatment center provides counseling services, treatment, evaluation, assessment and intervention for sex offenders. CAIS has contracts with numerous county governments to treat clients who have been

2–COMPLAINT

convicted of sex offenses and required to attend sex offender treatment services as part of their sentencing.

6.

Dr. George Robert Fleming is Qualified Mental Health Professional working as a psychologist and treatment specialist with adolescents, sex offenders and violent offenders. He has worked in the mental health treatment field in both counseling and evaluation for twenty years. He has been approved as a treatment provider through Multnomah County Department of Adult Community Justice since 2002. He is a clinical member of the Association for the Treatment of Sexual Offenders (ATSA)At all times relevant he provided contract therapeutic services CAIS as well as maintaining a private practice.

7.

Mr. Rene Launstein has a master's degree in counseling and is a Licensed Professional Counselor who counsels and treats adolescents and adult sex offenders. He has been a psychological professional in the treatment of offenders for over 20 years. He has been approved as a treatment provider and Clinical Supervisor through the Multnomah County Department of Adult Community Justice. He is a clinical member of the Association for the Treatment of Sexual Offenders (ATSA)At all times relevant he was employed with CAIS.

9.

Dr. Richard King is the former Clinical Supervisor of CAIS and is a Licensed Professional Counselor who has worked with troubled youth, sex offenders and violent offenders for over thirty years. Dr. King was one of the first clinical members of ATSA Dr. King has been approved by Multnomah, Clackamas, Yamhill, Marion, Hood River, Wasco and Washington

3–COMPLAINT

Counties to provide counseling and treatment for sex offenders remanded to the criminal justice system for more than ten years.

10.

Plaintiff Bruce Janes has been a member of the Advisory Board for CAIS for the past five years and has over thirty years of experience treating sex offenders. He is a clinical member of ATSA and provided contracted therapeutic services in January and February 2007 with CAIS.

11.

Defendant Alison Kinsey was at all times the Community Justice Manager for the Multnomah County Department of Community Justice, Adult Sex Offender Supervision Program. At all times herein Defendant was acting under color of law and in her role as Community Justice Manager. At all times her actions were approved of by her supervisors and Multnomah County.

12.

Defendant Patrick Shreiner was from November 1, 2006 the District Manager for the Multnomah County Department of Community Justice and was the supervisor of Defendant Kinsey.

13.

Defendant Carl Jabber was Defendant Schreiner's predecessor to the title of District Manager for the Multnomah County Department of Community Justice.

14.

Defendant John Wentworth was at all times an assistant district attorney for Clackamas County. Defendant at all times herein was acting under color of law, but was not acting within

4–COMPLAINT

the normal duties of his position as a prosecutor. His actions were neither ministerial nor discretionary and were well beyond the conduct normally expected of a prosecutor. However, each action alleged herein was undertaken by Defendant while he was being paid as a prosecutor, used official resources and relied on his position as prosecutor to facilitate.

15.

Defendant Katharine Gotch was at all times employed by Multnomah County with the Department of Community Justice and had responsibilities for maintaining the certification program for community based sex offender treatment providers.

16.

Defendant Randall Settell was at all times a sex offender probation officer for Yamhill County who supervised clients who were also treating patients with CAIS.

17.

Plaintiff is entitled to an award of attorneys fees and costs, pursuant to 42 U.S.C. §1988.

GENERAL ALLEGATIONS

19.

CAIS is a non-profit corporation located in Tigard OR which provides counseling and treatment for violent offenders, sex offenders and adolescents. It has been in business for years and has provided counseling services to sex offenders who are under sentencing orders from court ordered sanctions to obtain sex offender treatment, for the Oregon Department of Human Services and private attorneys.

5–COMPLAINT

Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

20.

CAIS has provided treatment and counseling to offenders through Multnomah County, Hood River, Marion, Yahmill, Wasco, Clackamas County, Lane County, Jefferson County, Columbia County, Lincoln County, Polk County and Washington County for twenty years.

21.

As part of the Multnomah County process each individual provider employed by CAIS together with CAIS are required to apply to the county to become an approved provider for the offender treatment programs managed through the Department of Community Justice. CAIS and the individual counselors regularly work with probation and parole officers, officials with the Multnomah County Department of Community Justice, adult and juvenile court system, judges and District Attorneys. CAIS counselors also provide evaluation, assessment and testimony in court, information to probation officers and file regular reports to both Multnomah County and the courts.

22.

Multnomah County reviews applications for compliance with local county rules and issues approval or application for treatment counselors and Supervisors. These applications are reviewed by Defendant Kinsey and Gotch. Each counselor and provider must re-apply every two years.

23.

Between 2002 and march 2007 CAIS therapists provided sex offender therapy to Multnomah County self-pay clients. Between March 2004 and June 2006 CAIS therapists provided sex offender therapy to Multnomah County fully and partially subsidized clients where

6–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

Multnomah county paid a contract amount for offenders they referred as low-income "subsidized" clients. CAIS received funds through Fleming, King and Launstein as contracted therapists with CAIS providing sex offender therapists to self-pay, partial pay/partial subsidy. Bruce Janes submitted his application to Multnomah County to be an approved sex offender therapists under clinical supervision of Rene Launstein.

24.

In 2004 Dr. King and Dr. Fleming were named in a lawsuit unrelated to any work being done for Multnomah County clients. Dr. Fleming was dismissed with no findings of culpability or liability. Dr. King was eventually dismissed.

25.

In 2006 Defendant Kinsey informed CAIS, Fleming, King and Launstein that certain treatment protocols had to be stopped as they were not going to be reimbursed for subsidized clients. . Defendant Kinsey failed to have appropriate funds transferred to CAIS for the clients sent to CAIS from another provider. She also advised the Plaintiffs to spend less time with clients as she was not going to pay the full amount for treatment. Alison Kinsey while working for Multnomah County Department of Community Justice, by the Community Justice Manager, began making decisions on what was the appropriate treatment course for the specific clients under treatment by CAIS and the individual Plaintiffs. These individuals with Multnomah County are not qualified nor trained to provide recommendations on treatment. Defendant Kinsey directed Plaintiffs to change their treatment model in violation of Oregon Administrative Rules and without any expertise or knowledge.

7–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

26.

In 2006 Dr. King retired from his position as Director/Clinical Supervisor with CAIS and so informed Multnomah County. On July 1, 2006 Mr. Launstein became the Clinical Supervisor with CAIS with the approval of Multnomah County. Multnomah County, by and through Alison King, advised CAIS that their contract would be terminated if Dr. King had any further involvement with CAIS clients under Multnomah County supervision.

27.

In 2006 Dr. Fleming and Mr. Launstein applied for a renewal as an approved sexual offender treatment counselor. Mr. Fleming's application was held by Defendant Kinsey, Gotch and Multnomah County without legal or legitimate reasons for several months and eventually Dr. Fleming was denied his appointment being informed that he had checked a box incorrectly concerning litigation. Dr. Fleming requested an appeal and requested permission to refile based on a misunderstanding. Multnomah County by and through Defendant Kinsey set up a three member appeal process with her own direct subordinates and without legal authority. Kinsey refused to allow Fleming to appeal the denial, refused to allow him to reapply and terminated him as an approved provider for Multnomah County clients and ordered him to terminate all further treatment with all clients even those who were private paying. This decision as made without legitimate reason and was one pretextual excuse made by Multnomah County and Kinsey to remove CAIS as an approved provider.

28.

Mr Launstein was originally approved as the Clinical Supervisor provider for CAIS in 2006. Mr. Launstein left for vacation. Plaintiff Janes was selected to provide sex offender

8–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

therapy under Mr. Launstein's clinical supervision. Mr. Janes met all the criteria for the position of counselor and applied for approval from Multnomah County. Multnomah County, Kinsey and Gotch held up Janes application for several months on purpose in order to cause the application to be late filed. When Mr. Launstein left for vacation Multnomah County terminated his approval as Clinical Supervisor because he relied on an "unapproved" provider. Multnomah County, by Ms. Kinsey, provided false and misleading information on the reasons the application was delayed, provided false and misleading information on the timing of application and refused to allow and extension of time to approve the new counselor despite the fact it was their fault the deadline had been missed. Multnomah County, by Plaintiff Gotch, admitted Multnomah County purposefully held Janes paperwork and purposefully refused to process the paperwork in order to cause the application deadline to expire.

29.

Thereafter Multnomah County and Ms. Kinsey revoked all approvals for CAIS and all their providers based on pre-textual reasons, contrived excuses and false information. Multnomah County and Ms. Kinsey planned to terminate all approvals of CAIS without cause and did terminate all contracts and order all clients whether paying or on subsidy to leave CAIS by April 1, 2007.

30.

Ms. Kinsey informed all probation and parole officers that any individual under their supervision who continued to treat with CAIS were doing so with an unapproved provider and those clients should have their probations violated. Ms. Kinsey even attended meetings with one client and their probation officer and was intimidating and threatening to the client.

9–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

31.

Ms. Kinsey advised all clients who were treating successfully with CAIS to find alternative counselors and to start all over with treatment. Several clients objected and were immediately threatened by Ms. Kinsey and their probation officers with new criminal charges and violations of their existing probation. Most of the clients were sex offenders who were afraid of the consequences and were at a high risk of recidivism.

32.

Thereafter Ms. Kinsey, Mr. Schreiner, Mr. Jabber and Multnomah County officials began to communicate false and contrived information about CAIS to other counties, judges and probation officers. Ms. Kinsey communicated with Mr. Wentworth who used his position as the district attorney to access criminal records, police reports, sent police officers to question individuals and provided false information concerning Dr. King and CAIS. This information was distributed to a wide net of individuals in the community justice field.

33.

As a result of the distribution of false and misleading information, the access and distribution of otherwise confidential and protected information by all defendants, the plaintiffs began to suffer the loss of all clients, the refusal of various counties to send referrals to them and the loss of significant reputation and income to all plaintiffs.

34.

All Defendants continue to provide false information about all Plaintiffs which has resulted in the loss of contracts and referrals from probation officers, court officials, and private attorneys resulting in an estimated loss of economic benefit to all plaintiffs of approximately

10–COMPLAINT

$550,000.

35.

As a result of the pretextual and unconstitutional actions by the individual Defendants all plaintiffs have lost contract rights, property rights in referrals and the loss of reputation and future economic benefit of approximately $550,000.

36.

As a result of the pretextual and unconstitutional actions by the individual Defendants and the official policies of Multnomah County, all plaintiffs have suffered noneconomic damages of no less than $5,500,000.

FIRST CLAIM FOR RELIEF: All individual Plaintiffs
14th Amendment Violations: Property Interests Taken without Due Process

37.

Plaintiff incorporates all matters alleged previously.

38.

The individual Plaintiffs are entitled to due process of law before any governmental intervention causes the loss of property, liberty or life. Contractual relations between the individuals, CAIS and Multnomah County constituted a property interest.

39.

Defendant Kinsey, Gotch, Settell, Jabber and Schreiner interfered, terminated and unconstitutionally interfered with the contractual relationship between the individual plaintiffs and Multnomah County for pretextual reasons, without due process and through an abuse of their position as governmental agents.

11–COMPLAINT

40.

As a result of the unconstitutional interference by Kinsey, Gotch, Settell, Jabber and Schreiner with the contractual relationship between Multnomah County and Plaintiff King, Plaintiff lost significant revenues, clients and reputation in the community to his economic damage of $550,000.

41.

As a result of the unconstitutional interference by Kinsey, Gotch, Settell, Jabber and Schreiner with the contractual relationship between Multnomah County and Plaintiff Fleming, Plaintiff lost significant revenues, clients and reputation in the community to his economic damage of $550,000.

42.

As a result of the unconstitutional interference by Kinsey, Gotch, Settell, Jabber and Schreiner with the contractual relationship between Multnomah County and Plaintiff Launstein, Plaintiff lost significant revenues, clients and reputation in the community to his economic damage of $550,000.

43.

As a result of the unconstitutional interference by Kinsey, Gotch, Settell, Jabber and Schreiner with the contractual relationship between Multnomah County and Plaintiff Janes, Plaintiff lost revenues, clients, business opportunity and reputation in the community to his economic damage of $550,000.

44.

As a result of the unconstitutional interference by Kinsey, Gotch, Settell, Jabber and

12–COMPLAINT

Schreiner with the contractual relationship between Multnomah County and CAIS, Plaintiff CAIS lost approved providers to service Multnomah County clients, and significant revenues to its economic damage of $550,000.

45.

All Plaintiffs suffered significant anxiety, stress, depression and emotional damage as a result of the unlawful, unconstitutional interference with their life's work by defendants' Kinsey, Gotch, Settell, Jabber and Schreiner to their noneconomic damage of no less than $5,500,000.

SECOND CLAIM FOR RELIEF: All individual defendants
14th Amendment: Due Process Violation of Property Interest

46.

Plaintiff incorporate all previous allegations.

47.

In addition to purposeful and pretextual termination of the contract relationship between Multnomah County and the individual plaintiffs, all defendants intentionally interfered with contracts between plaintiffs and other entities including Yamhill, Clackamas, Washington counties.

48.

The individual defendants intentionally conveyed false and misleading information to officials in other counties, contacted probation officers and advised them not to use plaintiffs, threatened probationers with violation and jail if they did not cease attending plaintiff's counseling, used official resources to provide confidential and personal information about plaintiffs which was misleading and false in content. All individual defendants took these

13–COMPLAINT

actions as officials under color of law, without just cause or affording plaintiffs due process prior to interfering with their property interests, the contract relationship with other counties and individuals.

49.

As a result of the illegal, unconstitutional official actions by the individual defendants, each plaintiff lost significant revenue, contractual relationships and future business opportunities to each of the plaintiff's economic detriment of $550,000. Additionally plaintiff's suffered anxiety, stress, depression and emotional damage to their noneconomic loss of $5,500,000 each.

THIRD CLAIM FOR RELIEF: All individual defendants

14th Amendment Due Process: Loss of Reputation

50.

Plaintiff incorporates all previous allegations as if more fully set forth.

51.

Reputation is a property interest subject to protection under the 14th Amendment to the United States Constitution. The loss of a property interest is subject to requirements of due process under the 14th Amendment.

52.

Defendants Kinsey, Schreiner, Wentworth, Gotch, Settell and Jabber engaged in actions which adversely impacted the individual's protected property interest in maintaining a good reputation. These defendants provided false, misleading, inaccurate and scandalous information about the plaintiffs which caused serious and significant loss of reputation to each plaintiff in the community.

14–COMPLAINT

53.

Each individual defendant used their position as a government employee with access to highly sensitive information, resources and ultimately power to disseminate false information with the intent to cause a loss of employment, contracts, clients and referrals to each plaintiff.

54.

As a result of the actions of providing false and misleading information about the plaintiffs, the plaintiffs are no longer receiving referrals of clients from any county, have suffered the loss of past contracts, suffered the loss of referrals of new clients from all sources in several counties all to their economic detriment.

FOURTH CLAIM FOR RELIEF: Multnomah County
14th Amendment Due Process Violation: Loss of Property Interest

55.

Plaintiff incorporates all allegations previously raised.

56.

The actions of Defendants alleged in the First and Second and Third Claims for Relief were endorsed and approved by an official policymaker and as such became official policy for Multnomah County.

57.

Defendants Kinsey, Schreiner and Jabber are an official policymakers and their actions in endorsing the illegal actions of subordinates constitutes official municipal policy of Multnomah County. By endorsing the actions of subordinate staff which includes creating pretextual reasons

15–COMPLAINT

for denying applications made by plaintiffs, denying plaintiffs the right to treat patients in accord with acceptable community standards, intentionally interfering with contractual relations between plaintiffs and Multnomah County, intentionally interfering with contractual relations between plaintiffs and their clients, providing false and misleading information about plaintiffs to third parties, actively interfering with plaintiffs rights to contract with other counties and to conduct business creates policy and subjects Multnomah County to liability for its defective unconstitutional policies.

44.

The policies endorsed by the policymakers as alleged above violates the 14th Amendment protections held by Plaintiffs and are unconstitutional per se.

45.

The official policy endorsed and created by the policymakers was the direct cause of the damages alleged herein by Plaintiffs

WHEREFORE plaintiffs pray for relief as follows:

FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF:

Plaintiff King prays for judgment in his favor and against all individual named defendants in the sum of $6,050,000.

Plaintiff King seeks his costs and attorney fees and such other equitable relief as the court deems fit.

Plaintiff Fleming prays for judgment in his favor and against all individual named defendants in the sum of $6,050,000.

16–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

1 | Plaintiff Fleming seeks his costs and attorney fees and such other equitable relief as the
2 | court deems fit.

3 | Plaintiff Launstein prays for judgment in his favor and against all individual named
4 | defendants in the sum of $6,050,000.

5 | Plaintiff Launstein seeks his costs and attorney fees and such other equitable relief as the
6 | court deems fit.

7 | Plaintiff Janes prays for judgment in his favor and against all individual named
8 | defendants in the sum of $6,050,000.

9 | Plaintiff Janes seeks his costs and attorney fees and such other equitable relief as the court
10 | deems fit.

11 | Plaintiff CAIS prays for judgment in its favor and against all individual named defendants
12 | in the sum of $6,050,000.

13 | Plaintiff CAIS seeks its costs and attorney fees and such other equitable relief as the court
14 | deems fit.

15 | Dated this 26th day of November 2007.

16 | Respectfully submitted,

*[signature]*

Michelle R. Burrows OSB86160
Attorney for Plaintiffs

17–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

18–COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955